UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Joseph A. Foistner

   v.    Civil No. 24-cv-003-SE-AJ

FMC Devens Warden

**REPORT AND RECOMMENDATION**

Joseph A. Foistner, a federal prisoner at FMC Devens, has filed a petition (Doc. No. 1), seeking relief under 28 U.S.C. § 2241. The matter is here for preliminary review to determine whether Mr. Foistner has asserted facially valid claims, within this court's jurisdiction. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to petitions filed under § 2241); LR 4.3(d)(4).

**Standard**

Pursuant to § 2254 Rule 4, a judge is required to examine a petition for habeas relief and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).

The court construes this petitioner's pleadings liberally, considering his pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

Mr. Foistner placed this pro se § 2241 petition in the prison mail system in late December 2023, while he was imprisoned at FMC Devens. Mr. Foistner is serving the sentence imposed upon him in United States v. Foistner, No. 18-cr-098-SE-1 (D.N.H.).

On December 20, 2023, the court in Mr. Foistner's criminal case granted his prior counsel's motion to withdraw, and then further directed that new counsel, appointed to represent Mr. Foistner in that matter, file either a motion for compassionate release or a status report in that case on or before March 19, 2024. See id., Dec. 20, 2023 Order (ECF No. 233). That deadline has not yet expired, and no filing in compliance with that Order has yet been docketed in that case.

## Discussion

To the extent petitioners seek relief under § 2241, they must file their claims in the judicial district with jurisdiction over their custodian. See 28 U.S.C. § 2241; see also Rumsfeld v.

2

Padilla, 542 U.S. 426, 443 (2004).  This court does not have territorial jurisdiction over Mr. Foistner's current custodian, the FMC Devens Warden.

When a civil action is filed in a court that lacks jurisdiction, the court must transfer the action to the judicial district that would have had jurisdiction over the matter at the time the case was filed, unless a transfer is not in the interest of justice.  See 28 U.S.C. § 1631.  A transfer to the proper judicial district is presumptively preferable, but the presumption may be overcome if the administration of justice is better served by dismissal.  See Britell v. United States, 318 F.3d 70, 73 (1st Cir. 2003).

The court with jurisdiction over Mr. Foistner's petition is the District of Massachusetts, where FMC Devens is located.  Nothing in the record here suggests that a transfer to that district is not in the interest of justice.  Accordingly, the district judge should order the transfer of this case to the District of Massachusetts, to cure the want of jurisdiction.

## Conclusion

For the foregoing reasons, this court lacks jurisdiction over Mr. Foistner's § 2241 petition, and the district judge should direct the Clerk of Court to effect the prompt transfer

of Mr. Foistner's § 2241 petition to the District of Massachusetts. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

                                                            _____
                                                            Andrea K. Johnstone
                                                            United States Magistrate Judge

January 5, 2024

cc:   Joseph A. Foistner, pro se